UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN STOUTE,<br>          Plaintiff,<br><br>     v.<br><br>AMERICAN STUDENT ASSISTANCE,<br>          Defendant. | **CIVIL ACTION**<br>**No. 23-10116-IT** |

ORDER
June 20, 2023

Stephen Stoute initiated this civil action by filing a *pro se* Complaint [Doc. No. 1] against American Student Assistance. By Memorandum and Order [Doc. No. 6] dated March 20, 2023, Stoute was granted leave to proceed *in forma pauperis* and was advised that the complaint fails to set forth a basis for this court's jurisdiction and failed to allege any facts that could support a claim against the Defendant.[1] Stoute was advised that if he wished to proceed, he must file an amended complaint that sets forth both a basis for this court's jurisdiction and a plausible claim upon which relief may be granted. Id. By Electronic Order [Doc. No. 8] dated April 6, 2023, Stoute's request for an extension of time until May 3, 2023 was allowed.

---

[1] The court explained that while Plaintiff claimed federal question jurisdiction, no federal questions were asserted in the complaint. Id. Moreover, Plaintiff stated no facts from which the court could find diversity jurisdiction, where he asserted that he is a Massachusetts resident, and gave no information as to the Defendant's citizenship other than that it is located in Boston, Massachusetts. Id. As to the facts asserted, as best as could be gleaned from the Complaint and attached exhibits, Stoute contended that due to the Defendant's failure to respond to his correspondence, and pursuant to UCC 3-305, he is not liable for the alleged debt. Id. The court explained that Stoute's reliance on this provision of the U.C.C. was misplaced and did not support any claim for relief. Id.

On May 3, 2023, Stoute filed a response that was entered on the docket as an Amended Complaint [Doc. No. 9]. The amended complaint is not signed. Am. Compl. at p.3. Stoute's amended complaint states that the "nature of the suit is Contract" and that the action is brought pursuant to "Chapter 93A." *Id.* p. 1. Stoute states that American Student Assistance sought to collect payments for an alleged debt. *Id.* Stoute states that he consulted with an accountant who determined that American Student Assistance "was not the holder in due course" and was not "following G.A.A.P. general accepted accounting principles nor fair debt practice laws." *Id.* at p. 2. Stoute states that American Student Assistance failed to respond to Stoute's notarized affidavit and "did not send a letter stating that they did not accept [Stoute's] offer" or that "they would send the debt back to the original lender." *Id.* Stoute contends that the "contract is valid" and that "[t]here are no disputes regarding that the Plaintiff does not owe on the alleged debt." *Id.* at p. 3. Stoute states that he has "unlimited ability" to enter and enforce contracts under the "Equal protection law." *Id.* He also states that he "has the right to be secure in his person via the 4th Amendment." *Id.* With the amended complaint, Stoute attaches a Memorandum, *id.* at p. 4, and a copy of the certification of non-response/non-performance, *id.* at 9-1.

Even with the more liberal construction accorded a *pro se* litigant's pleading, the amended complaint still fails to provide a basis for this court's jurisdiction and fails to state any factual matter that, if accepted as true, would allow Stoute to prevail on any identifiable cause of action. Stoute's claims under the Fourth Amendment and the Equal Protection Clause are subject to dismissal because the Defendant is not a state actor. *Estades–Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005) (if a plaintiff fails to allege facts sufficient to show that the "defendants acted under color of state law, then [a Section] 1983 claim is subject to dismissal"). To the extent Stoute seeks to assert a contact claim or a claim under Chapter 93A,

3

those claims are state and not federal claims, and this court is still without diversity jurisdiction pursuant to 28 U.S.C. § 1332 where the parties are not of diverse citizenship.

Based upon the foregoing, and in accordance with the Court's Memorandum and Order [Doc. No. 6], this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

                                                  /s/ Indira Talwani
                                             UNITED STATES DISTRICT JUDGE

June 20, 2023